### SCHMERLER v. BARASCH.

(Supreme Court, Appellate Term.  December 9, 1908.)

1. PRINCIPAL AND AGENT (§ 146*) — UNDISCLOSED AGENT — INDIVIDUAL CONTRACT.

Where defendant executed a personal obligation to forward plaintiff's watch to Europe, and insure its safe delivery, plaintiff having no knowledge that defendant was acting for any one but himself, the fact that defendant was acting as agent for an undisclosed principal was no defense to defendant's liability for loss of the watch.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 522; Dec. Dig. § 146.*]

2. APPEAL AND ERROR (§ 927*)—REVIEW—PRESUMPTIONS.

On appeal from a judgment of dismissal at the close of the plaintiff's case, he is entitled to have his evidence presumed to be true, and also to all such favorable inferences as can reasonably be drawn therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Schmerler against Sigmund W. Barasch. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Barnett E. Kopelman, for appellant.
Feltenstein & Rosenstein, for respondent.

PER CURIAM. The complaint was dismissed upon the plaintiff's case. The facts are substantially as follows: On or about the 26th day of June, 1907, the defendant's representative and agent, one Bickel, in the absence of defendant, and at the latter's place of business,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

received from the plaintiff a gold watch and chain for the purpose of shipping same to Europe, and, on the part of defendant, agreed with the plaintiff to indemnify him in case of loss in the sum of $60, the agreed value of the jewelry in question. Plaintiff paid the said representative and agent of defendant the sum of $1 for the shipping and $1.20 as fees for the insurance, $2.20 in all. The defendant's said representative and agent issued a receipt to the plaintiff as follows:

Telephone 2138 Orchard.

S. W. Barasch.    77 Ridge Street, New York.

Receipt No. 62273/1384

N. Y., June 26, 1907.

Received from Mr. Schmerler, N. Y., Two 20/100 Dollars. For Samuel Schmerler, to be remitted to Solotwine, (1) One Gold Watch and one chain insured $60.00 Sixty Dollars.

$2.20                           [Signed]    S. W. Barasch.

Stamped: Paid June 26, 1907.   S. W. Barasch.

The said jewelry was lost and never delivered to the consignee mentioned in the receipt, and thereupon plaintiff brought this action to recover its value; the title to said jewelry being in plaintiff. In the course of the trial the plaintiff called as a witness the said Bickel, the agent and representative of the defendant, with whom the transactions above mentioned were had, and proved by him that the said Bickel had charge of the forwarding department of the defendant's business and received the jewelry on behalf of defendant as claimed by plaintiff. On cross-examination of this agent of defendant by the defendant's counsel, the witness testified that his employer was merely a broker or agent for C. B. Richards & Co., and that he acted as agent only in the transaction in suit. Upon the defendant's attorney's motion to dismiss the complaint, at the end of plaintiff's case, on the ground that the defendant was only an agent, the court below dismissed the complaint, with costs. From the judgment entered thereon plaintiff appeals.

Upon this appeal not only is the plaintiff's evidence entitled to belief, but also to such favorable inferences as may reasonably be drawn therefrom. If the defendant was in point of fact acting only as agent for the Richards Company, the clear conclusion to be drawn from the testimony is that defendant acted for an undisclosed principal, and that plaintiff had no knowledge of any such agency, but supposed that he was dealing personally with defendant alone. The contract showed a personal obligation of defendant; and whether or not it was really made for the Richards Company has no bearing upon the enforcement of the contract against defendant.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.